07-3460-cv
Agiwal v. Mid Island Mortgage Corp.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: January 14, 2009                     Decided: February 13 , 2009)

Docket No. 07-3460-cv

BAIJNATH AGIWAL,

       *Plaintiff-Appellant*,

       v.

MID ISLAND MORTGAGE CORP.,

       *Defendant-Appellee*.

Before: LEVAL, CABRANES, and LIVINGSTON, *Circuit Judges*.

       Plaintiff-appellant Baijnath Agiwal appeals *pro se* from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*), dismissing with prejudice his *pro se* employment discrimination action against Mid Island Mortgage Corporation pursuant to Rule 37 of the Federal Rules of Civil Procedure for failure to comply with the Magistrate Judge's discovery orders. Because plaintiff's noncompliance was willful, the District Court did not err in affirming the Magistrate Judge's recommendation of dismissal.

       Affirmed.

                    BAIJNATH AGIWAL, *pro se*.

                    ANA C. SHIELDS (Paul J. Siegel, *on the brief*), Jackson Lewis LLP, Melville, NY, *for Defendant-Appellee Mid Island Mortgage Corp.*

PER CURIAM:

Plaintiff-appellant Baijnath Agiwal appeals *pro se* from a July 17, 2007 judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*), dismissing with prejudice his *pro se* action against defendant-appellee Mid Island Mortgage Corporation ("Mid Island"), his former employer, for failure to comply with the discovery orders of Magistrate Judge Lois Bloom. *See Agiwal v. Mid Island Mortgage Corp.*, No. 06-CV-1919 (E.D.N.Y. July 17, 2007) (order adopting the Report and Recommendation of the Magistrate Judge).

## BACKGROUND

In April 2006, Agiwal filed suit against Mid Island, alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* On October 5, 2006, the Magistrate Judge issued a scheduling order, noting each party's disclosure obligations pursuant to Rule 26 of the Federal Rules of Civil Procedure and setting a thirty day deadline for initial disclosures. On November 3, 2006, Agiwal submitted an affidavit stating that he would need "another 30 days" to fulfill his disclosure obligations. Appellee's App. at 26. In granting Agiwal's request for an extension, the Magistrate Judge warned him "that an action may be dismissed pursuant to [Federal Rule of Civil Procedure] 37([b])(2) for failure to obey the Court's discovery Order." *Id.* at 28.

On December 7, 2006, Agiwal filed with the District Court—but did not send to opposing counsel—a document that failed to satisfy his disclosure obligations. Instead of responding to interrogatories in the Court's scheduling order, Agiwal, among other things, expressed a willingness to enter into settlement negotiations and made additional discovery requests. The Magistrate Judge characterized Agiwal's filing as "plainly inadequate" and ordered him to answer the interrogatories and "bring his responses to the Court conference on December 18, 2006." *Id.* at 33. The Magistrate Judge

2

again warned him that "failure to comply is grounds for sanctions under [Rule] 37(b)(2)(C)." *Id.* The Magistrate Judge ordered him to respond to Mid Island's discovery requests by January 18, 2007. She further warned him that if he did not timely respond, "this case may be dismissed as a sanction." *Id.* at 35. On January 18, Agiwal sent to opposing counsel a letter explaining that he "still need[ed] to research" the law "to reply [to] your question[s]." ROA no. 26 at 2.

In light of Agiwal's failure to comply with the Court's January 18 deadline, Mid Island requested dismissal of the complaint with prejudice pursuant to Rule 37. On February 1, 2007, the Magistrate Judge denied Mid Island's request but informed Agiwal that his failure to provide discovery was "not acceptable," and added that the Court "[would] not tolerate [Agiwal's] non-compliance with Orders of the Court in the future." Appellee's App. at 37-38. The Magistrate Judge ordered Agiwal "to respond to all outstanding discovery requests from defendant by February 9, 2007," and indicated that "willful disobedience" could result in dismissal. *Id.* at 37.

By affidavit dated February 9, 2007, Agiwal promised that he would respond to all discovery requests by February 12.[1] On February 13, 2007, Mid Island informed the Court that Agiwal had failed to respond. On February 26, Agiwal also cancelled his deposition, scheduled for February 28, 2007, citing illness. On March 7, 2007, the Magistrate Judge once again denied Mid Island's request for dismissal out of "an abundance of caution." *Id.* at 42. The order further stated:

> [P]laintiff will be given one last chance to fulfill his discovery obligations. The Court hereby orders plaintiff to respond to the outstanding discovery requests and to bring his responses to his re-scheduled deposition on **Friday, March 16, 2007 at 10:00 a.m.** . . . . This is a Court Order and plaintiff shall timely appear for his deposition or I will recommend dismissal of this action without further application by defendant.

*Id.* at 42-43 (bolded in the original).

Agiwal filed a request for an extension of the discovery period on March 7, 2007, and on March 15 he requested that his deposition set for March 16 be rescheduled. With each request, he

---

[1] Though Agiwal in fact requested an extension until January 12, 2007, it is clear from the affidavit that he meant to request an extension until February 12, 2007.

noted that he had been hospitalized with bronchitis and was not released until March 5. The next day, the Magistrate Judge denied both requests and telephoned Agiwal to order him to appear at his March 16, 2007 deposition. Agiwal did not appear at his deposition. On March 19, Mid Island renewed its request that the Magistrate Judge recommend dismissal. Due to Agiwal's alleged health problems, the Magistrate Judge denied the request and instead imposed a "lesser sanction," ordering Agiwal to pay the court reporter's fee for the deposition he failed to attend. The Magistrate Judge ordered Agiwal to respond to all discovery requests by the date of his deposition, which was rescheduled for April 16, 2007, and warned Agiwal that "no last-minute adjournment request [would] be considered, and that any such request [would] be considered in willful disregard of the Court's Order." *Id.* at 57. The Magistrate Judge added that, if Agiwal sought an adjournment or failed to comply with discovery requests, she would "**recommend that [the] case should be dismissed with prejudice under Federal Rule of Civil Procedure 37(b), (d).**" *Id.* (bolded in original).

On April 16, 2007, Agiwal once again failed to appear at his deposition and did not contact opposing counsel or the Magistrate Judge. Accordingly, on May 15, 2007, the Magistrate Judge formally recommended that the District Court dismiss his action. The Magistrate Judge's Report and Recommendation determined that Agiwal's failure to respond to discovery requests was "not based on any misunderstanding, but on [his] willfulness and bad faith" amounting to "willful disregard for the Court's authority," and observed that Agiwal failed to provide the court or counsel with "any basis to excuse his failure to appear" at his third scheduled deposition. *Id.* at 67. The Magistrate Judge further noted that "[t]he interest of justice is not served by giving plaintiff unlimited chances to obey the Court's Orders" and concluded that "no less drastic sanction . . . would be effective in this action." *Id.* at 67-68.

After receiving a forty-five day extension to file written objections to the Magistrate Judge's

4

Report and Recommendation beyond the ten days permitted by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Agiwal requested on July 5 an additional extension of time of 180 days to file objections. Among other things, Agiwal explained that he had missed his April 16 deposition because of a "mandatory meeting" with his employer and that he attempted to reach counsel for Mid Island to inform her of the conflict. ROA no. 42 at 2. On July 6, the Magistrate Judge denied Agiwal's request for an extension, and construed Agiwal's "reply" as a timely objection to the Report and Recommendation. ROA no. 43 at 1. The District Court adopted the Magistrate Judge's Report and Recommendation in an order dated July 9, 2007, dismissing the action.

Agiwal filed a timely notice of appeal. He argues that dismissal of the case was unwarranted. He attributes his failure to attend depositions to illness and further notes that, because English is his second language, he needed additional time to comply with discovery requests. *See* Appellant's Br. at 6.

## DISCUSSION

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990), and failure to comply may result in sanctions, including dismissal with prejudice. Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, a district court may dismiss an action if a party fails to attend a deposition of that party. *See* Fed. R. Civ. P. 37(d). *Pro se* litigants, though generally entitled to "special solicitude" before district courts, *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks omitted), are not immune to dismissal as a sanction for noncompliance with discovery orders. Dismissal of a *pro se* litigant's action may be appropriate "so

5

long as a warning has been given that non-compliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion. *See, e.g.*, *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990); *see also Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) ("We . . . prefer to . . . provide the teeth to enforce discovery orders by leaving it to the district court to determine which sanction from among the available range is appropriate."). However, we have recognized that "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault'" by the non-compliant litigant. *Bobal*, 916 F.2d at 764. Whether a litigant was at fault or acted willfully or in bad faith are questions of fact, and we review the District Court's determinations for clear error.[2] *See Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997).

Several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37. These include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995)). Further, we note that dismissal pursuant to Rule 37 is appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

---

[2] Were we to find that the District Court erred in determining that Agiwal acted willfully, we would necessarily conclude that the Court abused its discretion in dismissing his action. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) ("A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) *or a clearly erroneous factual finding*, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." (emphasis added)).

The record before us reveals no abuse of discretion by the District Court in affirming Magistrate Judge Bloom's recommendation of dismissal. Agiwal's communications with the Magistrate Judge and opposing counsel indicate that he understood the Magistrate Judge's discovery orders and realized that timely compliance was expected. Yet, over a span of approximately six months—from the Magistrate Judge's October 5, 2006 scheduling order to Agiwal's third scheduled deposition on April 16, 2007—Agiwal defied all of her orders, each of which warned of the possibility of sanctions, including dismissal. Even when the Magistrate Judge imposed a lesser sanction, Agiwal still failed to comply with any of defendant's discovery requests. Under these circumstances, Agiwal's alleged health problems and the fact that English is his second language cannot excuse his repeated failures to comply with the Magistrate Judge's orders. Agiwal reported no health problems for the vast majority of the six month period at issue, and his filings demonstrate fluency in written English. His appearance before our Court demonstrated an adequate command of spoken English.

Accordingly, we have little trouble concluding that Agiwal's noncompliance, including his failure to appear at three scheduled depositions, amounted to "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of [the] action." *Valentine*, 29 F.3d at 50. Magistrate Judge Bloom handled this matter with exceptional patience and care; to her credit, she exceeded what was required in the circumstances.

The judgment of the District Court is **AFFIRMED.**

7