Lisa CHARETTE, Plaintiff–Appellant,

v.

DEPARTMENT OF SOCIAL SER-VICES, Rudolph Jones, I/O, Ronald Georgetti, I/O, John Galiette, I/O, John Halliday, I/O, and Brian Merb-aum, Defendant–Appellees,

State of Connecticut Department of Social Services, Movant.

No. 07–1814–cv.

United States Court of Appeals, Second Circuit.

May 28, 2009.

Mitchell L. Perry, Bronx, NY, for Appellant.

Joseph A. Jordano, Assistant Attorney General, for Richard Blumenthal, Attorney General, State of Connecticut, Hartford, CT, for Appellees.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR and J. CLIFFORD WALLACE,* Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Lisa A. Charette appeals from a March 29, 2007 Order (1) dismissing plaintiff's amended complaint with prejudice, (2) adhering to a January 9, 2007 Order that imposed monetary sanctions on plaintiff in the amount of $1,100, and (3) ordering additional sanctions. Plaintiff had alleged that various state actors retaliated against her because of her speech in violation of the First Amendment of the United States Constitution. Both the dismissal and the monetary sanctions were entered pursuant to Rule 37 of the Federal Rules of Civil Procedure, which governs the use of sanctions to com-

---

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

bat discovery abuses.[1] On appeal, plaintiff asks this Court to reverse the District Court's March 29 Order because the District Court made "mistakes of fact," Appellant's Br. 26, and did not adequately consider less severe alternatives to dismissal, *id.* at 31. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion." *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir.2009); *cf. Sims v. Blot,* 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)). Among the factors this Court considers in assessing a Rule 37 sanction are: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance," *Agiwal,* 555 F.3d at 302 (internal quotation marks omitted).

In the instant case, plaintiff filed her initial complaint in October 2001 and an amended complaint—styled as a "Second Amended Complaint"—in October 2002. Several years of motions and postponements followed. On June 30, 2006, the District Court ordered that plaintiff sit for her deposition by August 18, 2006. On August 3, 2006, plaintiff sat for a deposition that began at approximately 3:39 p.m. and ended at approximately 4:58 p.m. with the parties agreeing to continue the deposition at a later date. On October 19, 2006, defendants moved to compel plaintiff's deposition and for sanctions on the grounds that plaintiff was delaying discovery unnecessarily. On November 28, 2006—before the District Court ruled on defendants' motion to compel and impose sanctions—plaintiff moved to extend the discovery deadline until February 28, 2007. Two days later, the District Court extended the discovery deadline as requested, but noted on the docket that "[t]his is the final extension of time that shall be granted." Joint Appendix ("J.A.") 16.

The District Court held a status conference on January 5, 2007 and granted defendants' motion to compel discovery four days later. Although the District Court did not address the specific reasons for delay, the Court found that (1) plaintiff's deposition "has not yet taken place," and (2) plaintiff's willful conduct—specifically, her "lack of cooperation"—caused the delay. J.A. 207 (Order and Sanctions, Jan. 9, 2007, at 1). Accordingly, the Court ordered that plaintiff

appear for two depositions to begin at 10:00 a.m. at the office of defense counsel within 30 days of this Order at a date to be noticed by defense counsel. Defense counsel shall be afforded 3.5 hours on each date, excluding breaks every

---

1. Rule 37 of the Federal Rules of Civil Procedure states, in relevant part:

    If a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part.

    Fed.R.Civ.P. 37(b)(2)(A)(v).

    Instead of or in addition to [dismissing the action], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

    Fed.R.Civ.P. 37(b)(2)(C).

two hours and a one hour lunch break, to conduct the depositions.

*Id.* The Court also warned that "[p]laintiff's refusal to attend these depositions without prior approval of the Court shall result in the dismissal of her case, with prejudice." J.A. 207–08 (Order and Sanctions, Jan. 9, 2007, at 1–2). Finally, the Court imposed sanctions in the amount of $1,100 to cover defendants' reasonable attorney's fees in preparing the motion to compel. Plaintiff then moved to vacate the sanctions.

On January 29, 2007, plaintiff sat for a deposition that began at 10:25 a.m. and ended at 4:14 p.m. Again, the parties indicated that the deposition would continue at a later date. On March 12, 2007—after the expiration of the final discovery deadline, but without any further depositions—defendants moved for an additional extension of time, stating that "plaintiff's deposition was begun on January 29, 2007 but has not been completed due to several factors, including unavailability of counsel due to scheduling conflicts." J.A. 275 (Defs. Motion for Extension of Time, Mar. 12, 2007, at ¶ 5). The following day— March 13, 2007—the District Court granted defendants' motion and extended the discovery deadline "for good reason" until May 30, 2007. J.A. 17 (Docket entry 113) (emphasis added).

Within a week of the District Court's order extending discovery through May, plaintiff moved to limit her deposition sessions to two hours per session, and moved for a protective order that the videotapes of the depositions be kept under seal. Defendants responded that plaintiff was engaging in "dilatory tactics," J.A. 289 (Defs. Response, Mar. 22, 2007, at 289), and asked the District Court to deny plaintiff's motions or dismiss the complaint. On March 26, 2007, defendants filed an unopposed motion for a status conference.

Without addressing plaintiff's discovery motions, and without holding a status conference or a hearing, the District Court dismissed plaintiff's case with prejudice on March 29, 2007. The Court found that "[d]ue to plaintiff's lack of cooperation, the deposition [ordered on January 9, 2007] has not yet been completed." J.A. 301 (Order and Sanctions, Mar. 29, 2007, at 1). The Court also adhered to its prior decision to impose monetary sanctions in the amount of $1,100 and ordered defendants to submit a new bill of costs covering any additional attorney's fees.

The District Court's March 29, 2007 Order was, of course, entered before our Court decided *Agiwal.* In light of the four-factored test outlined in that decision, *see* 555 F.3d at 302 (considering "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of … noncompliance"), we conclude that appellate review of the instant case would be greatly aided by further explanation by the District Court in line with the *Agiwal* factors.[2]

\*   \*   \*

**2.** On remand, the District Court might address whether its March 29, 2007 Order was based exclusively on plaintiff's apparent failure to comply with the January 9, 2007 Order, or whether the Court also considered other conduct. We note that there is evidence showing that the failure to schedule the second deposition session, as required in the January 9, 2007 Order, was caused by "several factors, including *unavailability of counsel* due to scheduling conflicts." J.A. 275 (Defs. Motion for Extension of Time, Mar. 12, 2007, at ¶ 5) (emphasis added). In addition, the District Court's March 13, 2007 Order granted defendants' motion to extend the discovery deadline to May 30, 2007 *"for good reason."*

Accordingly, we **VACATE** the March 29, 2007 Order of the District Court and **REMAND** the cause for further proceedings consistent with this Order. From whatever final decision the District Court makes on remand in light of the *Agiwal* factors, the jurisdiction of this Court to consider a subsequent appeal—on the issue of dismissal or some lesser sanction for discovery abuses pursuant to Rule 37—may be invoked by any party by notification to the Clerk of Court within ten days of the District Court's decision, *see United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994), in which event the renewed appeal will be assigned to this panel.

J.A. 17 (Docket entry 113) (emphasis added). However, without hearing argument from counsel or conducting a hearing, the District Court dismissed the action as a sanction against *plaintiff* only two weeks later. We would appreciate an explanation of why, in those two weeks, the District Court changed its mind.

