09-3004-cv
*Cretella v. Luriano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand ten.

PRESENT:
>> RALPH K. WINTER,
>> DEBRA ANN LIVINGSTON,
>>> *Circuit Judges.*
>> LEWIS A. KAPLAN,
>>> *District Judge.*[*]

_____

FRANK CRETELLA,
> *Plaintiff-Appellant*,

> -v.-                                                   No. 09-3004-cv

NELSON LIRIANO, individually, and as Manager, MARGARET SPANIOLO, individually, and as General Manager, MARIA LOCCISANO, individually, and as Senior Personnel Employee, and BERGDORF GOODMAN, INC.,
> *Defendants-Appellees*.[**]

_____

>> Da'Tekena Barango-Tariah, Brooklyn, NY, *for* Plaintiff-Appellant.

---

[*]The Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption in this case to conform to the listing of the parties stated above.

Andrew P. Saulitis, New York, NY, *for* Defendants-Appellees.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Frank Cretella appeals from the May 12, 2009, order and the June 16, 2009, judgment of the United States District Court for the Southern District of New York (Swain, *J.*), sanctioning Cretella for discovery violations and granting the motion for summary judgment of Defendants-Appellees Nelson Liriano, Margaret Spaniolo, Maria Loccisano, and Bergdorf Goodman, Inc. Cretella argues that the district court abused its discretion in granting sanctions against him and that it erred in finding that he failed to rebut the non-discriminatory reasons for his firing proffered by the defendants. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review a grant of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party. *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A decision by a district court imposing sanctions is reviewed for abuse of discretion. *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000). "Whether a litigant was at fault or acted willfully or in bad faith are questions of fact, and we review the District Court's determinations for clear error." *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

2

Courts have inherent power to assess sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)) (internal quotation mark omitted). The district court must find bad faith in order to impose such sanctions and bad faith must be shown by "clear evidence" that the actions in question are taken for "harassment or delay or . . . other improper purposes." *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991)) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)) (internal quotation marks omitted); *see also Seltzer*, 227 F.3d at 41-42.

Cretella objects to the district court's order of sanctions on the grounds that the court erred in its factual findings. He argues that the defendants' lawyer was aware of a non-party witness deposition before it occurred and chose not to attend in order to confer upon the defendants a tactical advantage by obtaining the later exclusion of the witness's testimony. The documents presented in the record, which consist mainly of communications between or statements of the two attorneys involved in this matter, do not show that the district court committed clear error in finding that the defendants' attorney was unaware of the deposition at the time that it was being taken or in finding bad faith on the part of Cretella's attorney. Nor did the court abuse its discretion by disregarding the testimony given at that deposition as a sanction. In fact, the court evaluated the witness's testimony after its initial determination that the defendants were entitled to summary judgment in order to assure that no issue of material fact was raised in that testimony; Cretella was therefore not prejudiced by the sanctions.

Our independent review of the record confirms that the district court properly granted the defendants' motion for summary judgment, and we affirm for substantially the reasons set out in the court's extensive and well-reasoned opinion of June 16, 2009. We have considered all of Cretella's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4