11-568-cv
*Agiwal v. HSBC Mortg. Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
J. GARVAN MURTHA,*
*District Judge.*

_____

BAIJNATH AGIWAL,

*Plaintiff-Appellant*,

v.                                            11-568-cv

HSBC MORTGAGE CORPORATION,
UNUM GROUP,

*Defendants-Appellees.*

_____

FOR APPELLANT:     Baijnath Agiwal, *pro se*, Fresh Meadows, NY.

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLEES:     ALLAN S. BLOOM (Erin E. LaRuffa, *on the brief*), Paul Hastings LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Baijnath Agiwal, *pro se*, appeals the district court's dismissal of his action pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) due to his noncompliance with discovery orders.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the imposition of sanctions for abuse of discretion, and the factual findings made in support of the district court's decision for clear error.  *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010).  In Agiwal's previous case before this Court, we identified several useful factors for evaluating a district court's dismissal of an action under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of

2

. . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks omitted); *see also S. New England Tel. Co.*, 624 F.3d at 144. Where a plaintiff appears *pro se*, dismissal with prejudice may be imposed only if "a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

We have reviewed the record in light of these principles and now affirm the district court's dismissal of Agiwal's action. The record amply supports the district court's finding that Agiwal's noncompliance was willful. Agiwal repeatedly defied discovery orders, despite the magistrate judge's careful efforts to explain his obligations under those orders and Agiwal's confirmation that he understood what he was required to do. Agiwal also failed to appear at his scheduled deposition without providing adequate notice or explanation to either Defendant HSBC Mortgage Corporation or the district court. The efficacy of lesser sanctions to correct such behavior is doubtful, given that the Rule 37 dismissal of one of Agiwal's previous actions did not deter him from his noncompliant behavior in this case. *See Agiwal*, 555 F.3d at 303. Instead, Agiwal persisted in his noncompliance for a

3

period of approximately three months. After his failure to comply with the court's orders entered on May 6, 2010 and June 25, 2010, the magistrate judge explicitly warned Agiwal, both orally and in written orders, that continued refusal to comply would result in her recommending the dismissal of his action. Notwithstanding those warnings, Agiwal again disregarded the magistrate judge's orders.

To the extent Agiwal challenges the denial of his request for the magistrate judge's recusal, his challenge is without merit. The magistrate judge's impartiality could not reasonably be questioned under the circumstances. *See United States v. Lovaglia*, 954 F.2d 811, 814-15 (2d Cir. 1992).

We have considered Agiwal's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4