13-1964-cv
U.S. v. Medical Grp. Research Assoc's, Ltd.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fourteen.

PRESENT:   ROBERT D. SACK,
                      GERARD E. LYNCH,
                      DENNY CHIN,
                                *Circuit Judges.*
_____

UNITED STATES OF AMERICA,
                                *Plaintiff-Counter-Defendant-Appellee*,

                      v.                                        No.    13-1964-cv

MEDICAL GROUP RESEARCH ASSOCIATES, LTD.,
                                *Claimant-Appellant,*

ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY,
APPURTENANCES, AND IMPROVEMENTS KNOWN AS
479 TAMARIND DRIVE, HALLANDALE, FLORIDA, LISTED
AS LOT 30 IN BLOCK 7 OF GOLDEN ISLES SECTION "B",
                                *Defendant.*
_____

**FOR CLAIMANT APPELLANT:**          JOHN S. WALLENSTEIN, Garden City, NY.

**FOR PLAINTIFF COUNTER**          ALEXANDER J. WILSON, Assistant United
**DEFENDANT APPELLEE:**          States Attorney (Karl Metzner, Assistant United
                                                  States Attorney, *on the brief*) *for* Preet Bharara
                                                  United States Attorney for the Southern District
                                                  of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Claimant-appellant Medical Group Research Associates, Ltd. ("MGRA") appeals from a final order of forfeiture granting the government title to a residence in Hallandale, Florida and dismissing MGRA's claim to that property pursuant to Fed. R. Civ. P. 37(b). We assume the parties' familiarity with the facts and procedural history of the case.

"We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (per curiam). Among the factors we consider in reviewing a district court's dismissal of an action under Rule 37 are: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Id. (internal quotation marks omitted). "This Court does not hesitate to affirm the dismissal of claims as a sanction for 'willfulness, bad faith, or any fault' on the part of the sanctioned party." Baba v. Japan Travel Bureau Int'l., Inc., 111 F.3d 2, 5 (2d Cir. 1997). Whether the sanctioned party "was at fault or acted willfully or in bad faith are questions of fact" which we review for clear error. Agiwal, 555 F.3d at 302.

Here, the district court correctly found that MGRA willfully and repeatedly failed to comply with its discovery obligations. Specifically, MGRA failed to produce documents it claimed existed regarding the company's ownership and failed to explain internal inconsistencies in the documents that it produced on this issue. MGRA also failed to make available for deposition an employee who had previously held herself out as an officer and director of the company. MGRA contends that these failures were not willful because the "documents that were sought, and the witness sought to be deposed, were not within MGRA's control." Appellant's Br. at 11. The company also asserts that because the documents and witness at issue were in Canada, MGRA could not be required to produce them without an order from a Canadian court. Whatever protections may be afforded to witnesses and documents located abroad, however, cannot shield MGRA from its obligation to produce evidence of its standing to pursue its claim in the court where it filed suit. Moreover, MGRA's claim that its own corporate records and its own officer and director were not within its control is entirely unavailing.

MGRA also argues that dismissal was an abuse of discretion because any failure to comply with its discovery obligations resulted from the deficiencies of its counsel. As the district court noted, in considering the suitability of lesser sanctions, "it can be important for the district court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the delay." Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996). Here, the district court concluded that the pattern of delay "can be la[id] entirely at the feet of MGRA." Joint App'x at 254. Even on appeal,

3

MGRA offers no reason to conclude that its attorneys had access to the documents MGRA failed to produce, or were in a position to explain the produced documents' inconsistencies. Rather, the record fully supports the district court's finding that MGRA's noncompliance stemmed from the company itself.

Seeking to start the clock only once the government filed its Rule 37 motion to compel in January 2013, MGRA argues that its delay of "a few months" was insignificant and did not warrant dismissal. Appellant's Br. at 18. But the district court reasonably found that MGRA's delay was "a course of conduct over years." Joint App'x at 251. In a 2011 response to government interrogatories, MGRA claimed not to have a corporate minute book and that documents reflecting its ownership were unavailable. Only after being threatened with dismissal did MGRA finally produce these materials, which contained unexplained inconsistencies. The record reveals that MGRA flouted its discovery obligations at nearly every turn for almost two years.

MGRA's contention that the district court erred by failing to consider adequately the efficacy of lesser sanctions is also belied by the record. The district court explained that "[n]o lesser sanctions are appropriate here since there is no way for us to litigate the legitimacy of the claimant and the true identity of the interested party here without th[e] cooperation" MGRA refused to provide. Joint App'x at 251. MGRA's obstruction prevented the district court from determining whether MGRA had standing to bring its claim – a threshold legal issue. Thus, the alternative sanctions suggested by MGRA, such as issue preclusion or an adverse inference instruction, would not have been appropriate remedies.

4

Lastly, MGRA asserts that dismissal was inappropriate because the government was not prejudiced by the delay. Prejudice, however, is not among the factors we have enumerated for Rule 37 sanctions, and it particularly need not be shown where, as here, the Agiwal factors uniformly support dismissal.

We have considered all of MGRA's remaining arguments and find them to be without merit. For the foregoing reasons the decision of the district court is

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk