14-579-cv
Davis v. Citibank, N.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
                  PIERRE N. LEVAL,
                  REENA RAGGI,
                          *Circuit Judges*.

---------------------------------------------------------------------

EDWARD F. DAVIS,
          *Plaintiff-Counter-Defendant-Appellant*,

                    v.                                              No. 14-579-cv

CITIBANK, N.A.,
          *Defendant-Counter-Claimant-Appellee*.

---------------------------------------------------------------------

APPEARING FOR APPELLANT:          EDWARD F. DAVIS, pro se, New Windsor, New York.

APPEARING FOR APPELLEE:           BARRY J. GLICKMAN, Zeichner Ellman & Krause LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 26, 2014, is AFFIRMED.

Edward Davis, proceeding pro se, appeals from (1) the dismissal of his complaint against Citibank as a sanction for abuse of the discovery process, see Fed. R. Civ. P. 37; and (2) the award of summary judgment to Citibank on its counterclaim for Davis's failure to pay an accrued credit card balance. On appeal, Davis argues that Citibank's attorneys committed perjury in the district court and that the district judge both acted unfairly toward Davis and gave preferential treatment to Citibank. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

1.      Dismissal of Davis's Complaint

If a party fails to attend its own deposition, the district court may, inter alia, dismiss the action and order the party to pay reasonable expenses. See Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3). "We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). While pro se litigants are entitled to "special solicitude," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), they "are not immune to dismissal as a sanction for noncompliance with discovery orders," as long as they are warned of that possibility, Agiwal v. Mid Island Mortgage Corp., 555 F.3d at 302. Nevertheless, because dismissal with prejudice is a "harsh remedy," it should only be used when a court finds "willfulness, bad faith, or any fault" by the non-compliant party. Id. Thus, in deciding whether a district court has abused its

2

discretion in dismissing an action under Rule 37, we consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Id. (internal quotation marks and alterations omitted).

Davis argues that the district court failed to take into account his "mental condition" during the discovery period, Appellant's Br. 18, and did not provide him with sufficient guidance as a pro se litigant. These arguments are unpersuasive. The district court gave Davis ample time to submit to a deposition and Davis repeatedly refused to do so. Indeed, Davis willfully ignored the court's orders over a period of nine months, and the district court warned Davis of the consequence of his noncompliance to no avail. See Agiwal v. Mid Island Mortgage Corp., 555 F.3d at 302 (affirming dismissal where pro se litigant failed to comply with discovery order over six-month period knowing timely compliance expected). Davis never informed the district court of any mental illness during those nine months that might have prevented him from sitting for a deposition, and he provides no explanation regarding his claimed illness's relevance to his repeated refusal to comply with court orders. To the contrary, the record reflects that Davis was a fully competent and active litigant during the relevant time period: he filed an amended complaint, moved for a protective order, sent several letters to the court regarding discovery issues and deadlines, actively sought discovery from Citibank, and filed several memoranda in opposition to Citibank's motions to dismiss. Accordingly,

3

we conclude that the district court did not abuse its discretion when it dismissed Davis's complaint as a sanction for abuse of the discovery process.

2.      Grant of Summary Judgment to Citibank

"This Court reviews summary judgment decisions de novo, viewing the record in the light most favorable to the non-moving party."   Robinson v. Concentra Health Servs., Inc., 781 F.3d 42, 44 (2d Cir. 2015) (internal quotation marks omitted). Summary judgment is appropriate only where the record shows "no genuine dispute as to any material fact" and the movant's entitlement to judgment "as a matter of law."   Fed. R. Civ. P. 56(a).

It is undisputed that Davis opened the credit card account here at issue, incurred several thousand dollars of charges, and failed to make the minimum payments required by his cardholder agreement.   Indeed, Davis admitted as much in his answer to Citibank's counterclaims.   We therefore conclude that summary judgment was correctly awarded to Citibank for the reasons stated by the district court.

3.      Davis's Arguments Regarding Perjury and Bias

No different conclusion as to either dismissal or summary judgment is warranted by Davis's charges of attorney perjury or court bias.   The former pertains to prior state court proceedings, events that had no bearing on the court's decision to dismiss Davis's complaint or to grant summary judgment on Citibank's counterclaim.   As for alleged judicial bias, the record belies Davis's claim that the district court failed to consider his pro se status.   Rather, it shows that the court deferred dismissal, giving Davis several chances to submit to a deposition.   Further, the court declined to grant Citibank default

4

judgment, specifically citing Davis's pro se status, and instead insisted that the claims proceed to summary judgment.   Davis does not provide any support for his allegation of bias beyond the court's rulings in favor of Citibank, and adverse rulings alone do not support such a claim.   See Liteky v. United States, 510 U.S. 540, 555 (1994); Gallop v. Cheney, 645 F.3d 519, 520 (2d Cir. 2011).

We have considered Davis's arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court