15-2828-cv
Bhagwanani v. Brown

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           DENNY CHIN,
                    *Circuit Judges.*
-------------------------------------------------------------------------
NITESH BHAGWANANI, KRISTINA GREENE, MARILYN MURRELL,
           *Plaintiffs-Counter-Defendants-Appellants*,

BECKY D. GLYNN, SHIVA NANCY SHABNAM, RAJAT GOYAL,
                    *Plaintiffs-Appellants*,

ARTHUR ANGERMEIR, KEN ELDER,
                    *Plaintiffs-Counter-Defendants*,

LOUIS MARROU,
                    *Plaintiff*,

                    v.                                        No. 15-2828-cv

RICARDO BROWN, JENNIFER CENTENO, NORTHERN LEASING SYSTEM, INC., JOSEPH I. SUSSMAN, JOSEPH I. SUSSMAN, P.C., JAY COHEN, SARA KRIEGER, LOUIS CUCINOTTA, LEASE

1

FINANCE GROUP, LLC, MBF LEASING LLC,
ROBERT TAYLOR,

          *Defendants-Counter-Claimants-Appellees*,

LEONARD MEZEI,

          *Defendant-Appellee.*[1]

------------------------------------------------------------------------

FOR APPELLANTS:          Krishnan Chittur, Chittur & Associates, P.C., New York, New York.

FOR APPELLEES:          Scott E. Silberfein, Robert D. Lillienstein, Moses & Singer LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the August 28, 2015 judgment of the district court is AFFIRMED.

Plaintiffs appeal from the dismissal of their complaint for failure to comply with discovery orders, see Fed. R. Civ. P. 37(b)(2); and they request reassignment of the case on remand. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review a district court's imposition of sanctions under Fed. R. Civ. P. 37, including dismissal, for abuse of discretion, see Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009), accepting factual findings in support of that decision absent clear error, see Southern New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 143 (2d Cir. 2010); see generally Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 39 (2d Cir. 2009) (stating that, on clear error review, appeals court will not second-guess trial

--------------------------------------

[1] The Clerk of Court is directed to amend the caption as set forth above.

2

court's choice between competing inferences).   Because dismissal with prejudice is a particularly "harsh remedy," however, it should only be used when a court finds "willfulness, bad faith, or any fault" by the non-compliant party.   Agiwal v. Mid Island Mortg. Corp., 555 F.3d at 302 (internal quotation marks omitted).   Thus, in deciding whether a district court has abused its discretion in dismissing an action under Rule 37, we consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance."   Id.   (alterations and internal quotation marks omitted).

Applying these principles here, we cannot conclude that the district court abused its discretion in ordering dismissal.   The district court supports its decision in a factually detailed opinion.   See generally Angermeir v. Cohen, No. 12-CV-55 (KBF), 2015 WL 3766683 (S.D.N.Y. June 17, 2015).   The district court's factual finding of willfulness, see id. at *6–10; Friends of Animals Inc. v. U.S. Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (identifying willfulness as finding of fact for purposes of Rule 37 sanctions), is based on a full review of the case history, including plaintiffs' conduct during more than two years of discovery supervised by various judicial officers, see Southern New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d at 144 ("The district court is free to consider the full record in the case in order to select the appropriate sanction." (internal quotation marks omitted)).   That record, together with the final production deficiencies identified by the district court, suggests persistent noncompliance with discovery obligations,

3

admitting a permissible inference of willfulness. See Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d at 39. Further, on April 16, 2015, when the district court granted plaintiffs a one-month extension of its most recent discovery deadline, the court warned not only that this was plaintiffs' final chance to produce the ordered discovery, but also that a failure to do so would result in dismissal. On this record, and in light of the minimal discovery produced, we cannot identify error in the district court's determination that a sanction was warranted and that no lesser sanction than dismissal would have sufficed. See generally Friends of Animals Inc. v. U.S. Surgical Corp., 131 F.3d at 334 (noting that, in upholding Rule 37 dismissal, reviewing courts "afford considerable deference to the district court's familiarity with the proceedings").

Plaintiffs' legal and factual challenges warrant no different conclusion. First, the district court did not improperly reject as false plaintiffs' sworn statements that they had "carefully checked" their records and produced all available documents. Rather, the problem the district court identified with the statements was their "boilerplate conclusory" nature, which failed to demonstrate the adequacy of the professed searches or to explain the absence of certain documents. Angermeir v. Cohen, 2015 WL 3766683, at *5.

As to certain documents that plaintiffs concededly failed to produce, such as personal tax returns, they do not argue lack of control, but, rather, ambiguity as to the scope of the district court's discovery order. The argument is defeated by the order itself, which clearly cross-references defendants' detailed document requests to particularize plaintiffs' production obligations. As to tax returns, the order there

4

required production of "[a] copy of each Plaintiff's United States income tax return for the years 2005 to date." See App'x 43 n.1 (incorporating by reference defendants' March 6, 2015 letter and August 12, 2014 document request). Indeed, at the April 16, 2015 conference, the plaintiffs' counsel declined further clarification of the defendants' document requests, insisting that it was "clear . . . what [plaintiffs had] to produce." Id. at 376.

Plaintiffs charge the district court with legal error in assuming that legal holds should have applied to certain accounts. The order itself reaches no conclusions of law; on this point it states that plaintiffs did "not specify" when the relevant accounts were closed or "whether appropriate litigation holds were in place at that time." Angermeir v. Cohen, 2015 WL 3766683, at *6, *8. It was the failure to produce ordered documents in the absence of such information that the district court found willful in the totality of circumstances. Nor is Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007), helpful to plaintiffs. In that case, where the plaintiff argued that Russian law prevented him from obtaining and producing certain documents located in that country, we vacated a dismissal sanction imposed in the absence of written findings or consideration of lesser sanctions. See id. at 138–39. The district court's detailed opinion here presents no comparable concern.

In sum, because the district court's decision did not rest on an error of law or fact, and because we cannot say that dismissal falls outside the range of permissible Rule 37 sanctions in light of the district court's findings, see SEC v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013), we conclude that plaintiffs' challenge fails on the merits.

5

We have considered plaintiffs' remaining arguments and conclude that they are without merit, or, as to reassignment, moot. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court