18-1542-cv
Davis v. Saint Luke's-Roosevelt Hosp. Ctr. et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand nineteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------

BARRY DAVIS,

*Plaintiff-Appellant*,

v.                                                       No. 18-1542-cv

SAINT LUKE'S-ROOSEVELT HOSPITAL
CENTER, MOUNT SINAI HOSPITAL,

*Defendants-Appellees*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:                BARRY DAVIS, *pro se*, New
                                        York, NY.

FOR DEFENDANTS-APPELLEES: Siobhan M. Sweeney, Littler Mendelson, P.C., Boston, MA.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Barry Davis, proceeding pro se, appeals from a judgment of the District Court (Oetken, J.) dismissing his employment discrimination suit as a sanction for the threatening text messages that Davis sent his attorney. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Courts have inherent authority to sanction bad-faith conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991). "The sanction of dismissal," however, "is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (quotation marks omitted). Where conduct reflects "flagrant bad faith,"

2

dismissal may be warranted "not merely to penalize" but also "to deter those who might be tempted to such conduct in the absence of such a deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976); see also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303 (2d Cir. 2009).

Here, the District Court did not abuse its discretion in dismissing Davis's suit. The District Court found that Davis's initial message to his attorney constituted a threat against the attorney, a mediator, defense counsel, and a representative of the Defendants. It also found that Davis's explanations regarding the message were implausible. Davis's second message to his attorney continued the threat. And Davis's later apologies acknowledged that the prior messages were inappropriate and written in anger, suggesting that he understood that they were threatening in nature. The District Court considered alternative penalties, but it reasonably determined that they would be inadequate given the egregiousness of Davis's misconduct. The District Court also reasonably determined that financial penalties were inappropriate in the circumstances.

3

We have considered Davis's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court