19-1024
*Buckingham v. Lewis Gen. Tires, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty.

PRESENT:
>JOHN M. WALKER, JR.,
>GERARD E. LYNCH,
>RICHARD J. SULLIVAN,
>>*Circuit Judges.*

_____

WALTER BUCKINGHAM,

>*Plaintiff-Appellant*,

>v.                                                                          No. 19-1024

LEWIS GENERAL TIRES, INC.,

>*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Walter Buckingham, pro se,
                                  Rochester, NY.


FOR DEFENDANT-APPELLEE:          Mark R. Affronti, Hutcheson,
                                  Affronti & Deisinger, P.C., Niagara
                                  Falls, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Walter Buckingham, proceeding *pro se*, sued his former employer, Lewis General Tires, Inc. ("LGT") for employment discrimination. During discovery, LGT demanded that Buckingham produce a copy of a settlement agreement relating to a prior lawsuit he had filed. Buckingham willfully failed either to produce the agreement, despite multiple orders to do so by a magistrate judge, or to answer questions about it in a deposition. LGT moved to dismiss the complaint as a sanction for failing to comply with the discovery orders. The magistrate judge recommended granting the motion, and the district court adopted the recommendation. We assume the parties' familiarity with the underlying

2

facts, the procedural history of the case, and the issues on appeal.

"We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). To determine whether dismissal is an appropriate sanction, a court should consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (internal quotation marks omitted). "Dismissal of a *pro se* litigant's action may be appropriate so long as a warning has been given that non-compliance can result in dismissal." *Id.* (internal quotation marks omitted).

The district court did not abuse its discretion by dismissing Buckingham's complaint. The magistrate judge thoroughly considered the relevant factors, finding that all four weighed in favor of dismissal. In particular, the magistrate judge found that the record – which had been developed over several years – demonstrated Buckingham's willful noncompliance and bad faith. The magistrate judge also emphasized the duration of the noncompliance and the fact

that no lesser sanction would be effective. Specifically, among other facts, the record reflected that Buckingham gave varied and contradictory explanations for his refusal to produce the settlement agreement, purposefully disregarded the court's orders to produce the agreement, obstructed a deposition that the court had ordered him to attend to answer questions about the agreement, and did so over the course of nearly four years despite being repeatedly warned that his claim would be dismissed if he persisted in his noncompliance.

On appeal, Buckingham argues only that he could not produce the settlement agreement because it was no longer in his possession and the unidentified party who possessed it passed away. But, as the magistrate judge noted, this explanation contradicts the several other representations Buckingham made to the court regarding his refusal or inability to produce the agreement or to answer questions about it during his deposition. Originally, in addition to resisting discovery on the basis that the requests were improper, Buckingham objected to producing the agreement because it was confidential, which suggested that he had the agreement in his possession. Indeed, he requested that the magistrate judge examine the agreement *in camera*. When the judge agreed to

4

review the document *in camera*, however, he withdrew the request and subsequently stated that he could not produce the agreement because it was not in his possession. Rather, Buckingham explained, an unnamed and deceased person had the agreement. Finally, at his deposition, Buckingham claimed that he did not remember working for anyone prior to LGT and did not remember any settlement. On these facts, we find that the magistrate judge's conclusion that Buckingham willfully refused to comply with her orders was not clearly erroneous, and the district court did not abuse its discretion in adopting the recommendation to impose sanctions.

We have reviewed the remainder of Buckingham's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court