12-3532-cv
Manigaulte v. C.W. Post of Long Island

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of July, two thousand thirteen.

PRESENT: RALPH K. WINTER,
      GERARD E. LYNCH,
      CHRISTOPHER F. DRONEY,
           *Circuit Judges*.

_____

JOHN CARLO MANIGAULTE,

     *Plaintiff-Appellant*,

     v.                  12-3532-cv

C.W. POST OF LONG ISLAND
UNIVERSITY,

     *Defendant-Appellee*,

BELINDA KREMER, RICHARD MCNABB,
and HOWARD J. WHITE,

     *Defendants*.

_____

FOR APPELLANT:        John Carlo Manigaulte, pro se, Kings Park, NY.

FOR APPELLEE:        Matthew Aaron Siebel, Long Island University, Office of the General Counsel, Brookville, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John Carlo Manigaulte, proceeding pro se, appeals the district court's July 31, 2012 judgment[1] dismissing his employment discrimination and retaliation complaint with prejudice pursuant to Federal Rules of Civil Procedure 37 and 41 for failure to prosecute and to comply with court orders. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rule 37 provides that an action may be dismissed if a party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). "We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). A district court abuses its discretion when its decision: (1) "rests on an error of law or a clearly erroneous factual

---

[1] While Manigaulte moved for reconsideration of the July 31, 2012 judgment, his notice of appeal indicates that he is not appealing the denial of this motion for reconsideration, but merely the judgment itself. See Fed. R. App. P. 3(c)(1)(B) (a notice of appeal must "designate the judgment, order, or part thereof being appealed"); see also Gonzalez v. Thaler, 132 S. Ct. 641, 651-52 (2012) (reaffirming jurisdictional nature of Rule 3(c)). Therefore, we review only the district court's July 31, 2012 judgment.

2

finding; or (2) cannot be found within the range of permissible decisions." <u>Johnson v. Univ. of Rochester Med. Ctr.</u>, 642 F.3d 121, 125 (2d Cir. 2011). While "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant," <u>Agiwal</u>, 555 F.3d at 302 (internal quotation marks omitted), it "may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal," <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47, 50 (2d Cir. 1994). In evaluating a dismissal under Rule 37, we consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." <u>Agiwal</u>, 555 F.3d at 302 (internal quotation marks omitted). Because Rule 37 "requires only that the district court's orders be 'just,' however, and because the district court has wide discretion in imposing sanctions under Rule 37, these factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions for us to conclude that those sanctions were within the court's discretion." <u>S. New Eng. Tel. Co. v. Global NAPs Inc.</u>, 624 F.3d 123, 144 (2d Cir. 2010) (citation and internal quotation marks omitted). Rule 41(b) provides that an action may be dismissed if a plaintiff fails to prosecute or comply with a court order.[2] Fed. R. Civ. P. 41(b). We

---

[2] "Although not explicitly authorized by the rule, such dismissals may be made *sua sponte*." <u>Spencer v. Doe</u>, 139 F.3d 107, 112 (2d Cir. 1998)

3

review dismissals pursuant to Rule 41(b) for abuse of discretion, but "deference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (internal quotation marks omitted). In reviewing a Rule 41(b) dismissal, we consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (internal quotation marks omitted). No single factor is dispositive, and we review the dismissal in light of the record as a whole. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Here, an independent review of the record and relevant case law reveals that the district court did not abuse its discretion by dismissing the case in light of Manigaulte's refusal to submit to an oral deposition in contravention of explicit court orders. While Manigaulte cites his alleged stress and anxiety at answering questions, particularly those regarding childhood abuse and post-traumatic stress disorder, he has failed to provide any medical documentation of his inability to be deposed, despite the magistrate judge's order that he "submit to the court written documentation from medical personnel regarding his ability to appear for this deposition or explaining why he is unable to do so." For almost

4

a year the court attempted to accommodate Manigaulte by rescheduling his deposition multiple times[3] and ordering that the deposition take place at the courthouse in three sessions totaling no more than seven hours. Manigaulte has repeatedly refused to be deposed, relying solely on his unsworn and unsupported assertion that he is unable to do so, and has failed to propose specific further accommodations or to propose a date by which he would be better prepared to be orally deposed.[4] Indeed, Manigaulte's submissions suggest that he believes defendants are not entitled to depose him at all. The magistrate judge twice warned Manigaulte in court orders that he would recommend dismissing his action with prejudice if he failed to appear for his deposition. In such a situation, the district court did not abuse its discretion in dismissing Manigaulte's claims

---

[3] The magistrate judge granted Manigaulte several stays to allow Manigaulte to address medical issues, which, combined with Manigaulte's ongoing litigation attempting to avoid the deposition, moved the deposition deadline from December 3, 2010, to January 13, 2011, to October 18, 2011, to the final deadline of October 20, 2011, when defendants appeared at the courthouse to take Manigaulte's deposition but Manigaulte refused to appear.

[4] The only accommodation Manigaulte seems to suggest in his briefing is the appointment of counsel. The district court considered four separate motions to appoint counsel by Manigaulte, and rejected each of them in reasoned decisions. We do not rule on the adequacy of the district court's response to Manigaulte's requests for counsel, as the issue is not before us, but note that a district court's denial of requests for counsel cannot justify a plaintiff's failure to comply with a discovery order. "An order issued by a court must be obeyed, even if it is later shown to be erroneous." McDonald v. Head Criminal Court Supervisory Officer, 850 F.2d 121, 124 (2d Cir. 1988) (affirming dismissal of case with prejudice after plaintiff refused to answer questions in deposition). "'If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.'" Id., quoting Maness v. Meyers, 419 U.S. 449, 458 (1975).

5

with prejudice.  See Agiwal, 555 F.3d at 303 (affirming district court's dismissal of pro se plaintiff's claim where plaintiff refused to appear for his deposition); Valentine, 29 F.3d at 50 (same).

We have considered all of Manigaulte's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk