12-3126-cv
Zaretsky v. Maxi-Aids, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT:
        ROSEMARY S. POOLER,
        RAYMOND J. LOHIER, JR.,
        SUSAN L. CARNEY,
          *Circuit Judges.*

_____

FEIGE ZARETSKY, AKA FEIGE BERLIN,
AARON BERLIN,

          *Plaintiffs-Appellants*,

      v.                                             12-3126-cv

MAXI-AIDS, INCORPORATED, ANGELA GIGLIO, ELLIOT ZARETSKY, HAROLD ZARETSKY, SHIRLEY ZARETSKY, LARRY DIBLASI, LATONYA THOMPSON, PAMELA STEIN, TERESA BUTLER, MICHAEL D. SOLOMON, SOLOMON & HERRERA, PLLC, IGLAR, HEAR-MORE, ABLE-VISION, SUSAN RUBIN, DANIEL HERRERA, RICHARD HAUSE, SAMUELSON, HAUSE & SAMUELSON, LLP, ALISA J. EPSTEIN, AMAZON.COM, INC.,

          *Defendants-Appellees,*

M & H INCORPORATED, DAVID WACHOLDER,
JOHN DOE, 1-9, JANE DOE, 1-9, EUROPEAN
AMERICAN BANK, JP MORGAN CHASE BANK,
N.A., RAOUL FELDER, RAOUL FELDER &
PARTNERS, P.C., UNITED STATES
DEPARTMENT OF TREASURY, NEW YORK
STATE DEPARTMENT OF TAXATION, CAPITAL
ONE BANK, N.A.,

                    *Defendants.*[1]

_____

| | |
|---|---|
| Appearing for Appellants**:** | Feige Zaretsky, *pro se*, Plainview, NY; Aaron Berlin, *pro se*, Brooklyn, NY |
| Appearing for Appellees: | Michael A. Miranda, Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY, *for Maxi-Aids, Incorporated, Angela Giglio, Elliot Zaretsky, Harold Zaretsky, Shirley Zaretsky, Larry Diblasi, Latonya Thompson, Pamela Stein, Teresa Butler, Iglar, Hear-More, and Able-Vision* |
| | Philip C. Silverberg (Sanjit Shah, *on the brief*), Mound Cotton Wollan & Greengrass, New York, NY, *for Michael D. Solomon, Solomon & Herrera, PLLC, Susan Rubin, and Daniel Herrera* |
| | Matthew R. Jaeger, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, *for Richard Hause, Samuelson, Hause & Samuelson, LLP, and Alisa J. Epstein* |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

_____

[1] The Clerk of the Court is directed to change the caption as set out above.

Appellants Feige Zaretsky and Aaron Berlin, *pro se*, appeal from a final judgment dismissing their amended complaint pursuant to Federal Rules of Civil Procedure 16(f), for failure to comply with a court order, and 41(b), for failure to prosecute. Appellants alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*., and various state laws. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A party's "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision" if the report "explicitly states that failure to object to the report within [fourteen] days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and [R]ules 72[] [and] 6(a) . . . of the Federal Rules of Civil Procedure." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Appellants failed to object to the magistrate judge's report and recommendation after receiving notice that they were required to file objections and that a failure to do so would result in a waiver of their right to appellate review. The magistrate judge duly cited 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 6(a), and 72(b) in his report. *See Small*, 892 F.2d at 16. Accordingly, Appellants have waived their right to appellate review.

However, because this waiver rule is non-jurisdictional, we, in our discretion, may excuse a party's failure to object "in the interests of justice." *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993). Nevertheless, even if we were to excuse Appellants' failure to object, we would conclude that the district court acted within its discretion in adopting the magistrate judge's recommendation of dismissal. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (noting that this Court considers five factors when reviewing a dismissal for failure to prosecute).

After an independent review of the record and relevant case law, we conclude that the district court did not abuse its discretion in dismissing Appellants' complaint for failure to prosecute and for failure to comply with a court order for substantially the reasons articulated by the magistrate and district court judges in their decisions entered, respectively, October 13, 2011, and June 18, 2012.

We have considered all of Appellants' remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3