15-648-cv
Johnson v. New York City

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
JOHN G. KOELTL,
*District Judge*.[*]

---------------------------------------------------------------------

BRENDA JOHNSON,

*Plaintiff-Appellant*,

v.                                                                  No. 15-648-cv

NEW YORK CITY, ET AL.,

*Defendants-Appellees*.[†]

---------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:        BRENDA JOHNSON, *pro se*, St. Albans, NY.

FOR DEFENDANTS-APPELLEES:        MELANIE T. WEST, of Counsel (Fay Ng, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

---

[*] The Honorable John G. Koeltl, of the United States District Court of the Southern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption of this case as set forth above.

VALERIE FIGUEREDO, Assistant Solicitor General of Counsel, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*; Bloom, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Brenda Johnson, proceeding *pro se*, appeals the district court's judgment *sua sponte* dismissing her 42 U.S.C. § 1983 complaint for failure to comply with court orders pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Johnson has waived her right to appellate review by failing to timely object to the magistrate judge's report and recommendation. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). The magistrate judge's report, which was mailed to Johnson at the address on file with the district court, clearly indicated that failure to file a timely objection with the Clerk of the Court could result in waiver of further judicial review. Johnson nonetheless failed to file any such objections.[1] Nor has she

---

[1] Approximately two weeks after the magistrate judge issued her report and recommendation, Johnson filed two letters with judges not assigned to her case, stating that she had not consented to the referral to the magistrate judge. These letters did not address the basis for the magistrate judge's report and were not filed with the Clerk, and therefore we do not construe them as timely objections to that report. And, in any

explained her failure to do so on appeal. We therefore consider her right to appellate review waived.

Even if Johnson had not waived her right to appellate review, we find that the district court did not abuse its discretion by dismissing Johnson's complaint. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion."). "All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." *Id.* (internal quotation marks, citation, and alteration omitted). To determine whether dismissal is warranted, a court should consider the willfulness of or reason for noncompliance, the efficacy of lesser sanctions, the duration of the period of noncompliance, and whether the noncompliant party had been warned of the consequences of noncompliance. *See id.*

Here, Johnson failed to timely appear for two pre-trial conferences—the second of which had been specifically scheduled for a date that suited Johnson best—without explanation. In deciding to dismiss Johnson's complaint, the district court determined that: (1) Johnson's noncompliance was willful, since she had been clearly informed of her obligation to appear; (2) lesser sanctions would have been ineffective, given that Johnson was afforded multiple opportunities to timely appear; (3) Johnson repeatedly failed to

event, as the magistrate judge explained to Johnson during the pretrial conference of December 10, 2014, Johnson's consent was not required because the magistrate judge was assigned to handle only pretrial matters. *See* 28 U.S.C. § 636(b); E.D.N.Y. Local Civil Rule 72.

comply with court orders over a period of months; and (4) Johnson had been warned both orally and in writing of the consequences of her actions. Because the district court properly and adequately analyzed Johnson's actions according to the factors set forth in *Agiwal* before dismissing her complaint, and because Johnson fails to defend or explain her actions on appeal, we conclude there was no abuse of discretion.

We have considered Johnson's remaining arguments and find that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court