Pierre v. FJC Security Services

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of May, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

_____

JEAN-GESPERE PIERRE,

                   *Plaintiff-Appellant*,

              v.                                              17-3257-cv

FJC SECURITY SERVICES, INC.,[1]

                   *Defendant-Appellee*.

_____

Appearing for Appellant:     Jean-Gespere Pierre, pro se, Brooklyn, N.Y.

Appearing for Appellee:      Sharon Simon, Ingber Law Firm, PLLC, White Plains, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Brodie, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Jean-Gespere Pierre, proceeding pro se, appeals from the district court's grant of summary judgment in favor of his former employer, FJC Security Services, Inc. ("FJC"), and its denial of his requests for sanctions against FJC and for removal of the magistrate judge. Pierre sued FJC for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964. He alleged that his supervisors were romantically interested in his female coworker, who disliked him. As a result, they allegedly conspired against him with the female coworker, retaliated against him for reporting the coworker's misconduct, and, ultimately, fired him. During discovery, Pierre was ordered to reschedule the deposition of a non-party witness because FJC had previously noticed a deposition for the same day. Pierre repeatedly sought to sanction both the non-party witness and FJC because his requested deposition never occurred, and he also moved to remove the magistrate judge. The district court denied his motions. It then granted summary judgment in FJC's favor, reasoning that Pierre had alleged only preferential treatment of a paramour, not sex discrimination, and, in any event, had not shown that FJC's proffered reason for firing him (that he was insubordinate and abusive to a supervisor) was pretextual. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, drawing all factual inferences in favor of the non-moving party. *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). Upon such review, we conclude that the district court properly granted summary judgment in favor of FJC. We affirm for substantially the reasons stated by the district court in its thorough September 19, 2017 decision.

We review the denial of sanctions for abuse of discretion. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (sanctions pursuant to court's inherent power); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (discovery sanctions). Whether a litigant acted willfully or in bad faith are questions of fact that we review for clear error. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). We conclude that the district court did not abuse its discretion by declining to impose sanctions against FJC. Its assessment that FJC did not act in bad faith was not clearly erroneous. FJC merely alerted the district court to the fact that two depositions were scheduled for the same day. Pierre did not provide any support for his allegations that FJC interfered with his requested deposition, engaged in ex parte communications with the court, or intentionally withheld relevant information or documents. His allegations of judicial and attorney misconduct are likewise unsupported.

We have considered all of Pierre's remaining arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2