21-2512-cv
Burgin v. Cash

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> DENNY CHIN,
> EUNICE C. LEE,
> *Circuit Judges.*

—————————————————————

Charles Burgin,

> *Plaintiff-Appellant*,

> v.                                                    21-2512-cv

Barbara Seals-Nevergold, Donald A. Olgovie, Theresa Harris-Tigg, Carl Paladino, James M. Sampson, Charles Brandy, Will Keresztes, Patricia Pierce, Lawrence Quinn, Buffalo Board of Education, L. Nathan Hare, former Chairman and Executive Director of United Black Men's Think Tank of Buffalo, Kriner Cash, in his official capacity as Superintendent of Buffalo Public Schools,

> *Defendants-Appellees*,

Pamela C. Brown,

> *Defendant*.

—————————————————————

**FOR PLAINTIFF-APPELLANT:**     Charles Burgin, pro se,
Buffalo, NY.

**FOR DEFENDANTS-APPELLEES BUFFALO BOARD** Robert E. Quinn, Assistant
**OF EDUCATION, CASH, SEALS-NEVERGOLD,**  Legal Counsel, *for* Nathaniel
**OLGOVIE, HARRIS-TIGG, PALADINO, SAMPSON,** J. Kuzma, General Counsel,
**BRANDY, KERESZTES, PIERCE, AND QUINN:**  Buffalo Public Schools,
Buffalo, NY.

**FOR DEFENDANT-APPELLEE L. NATHAN HARE:** Joshua Feinstein (Peter
Sahasrabudhe, *on the brief*),
Hodgson Russ LLP, Buffalo,
NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 22, 2021 judgment of the district court is **AFFIRMED**.

Appellant Charles Burgin, proceeding pro se, appeals the district court's judgment dismissing his complaint with prejudice under Fed. R. Civ. P. 37 and 41(b) for failure to comply with discovery orders. The dismissal arose out of Burgin's failure to sit for a court-ordered deposition and his related failure to execute a medical-records release form after citing his ill-health, as directed by the court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

We review dismissals under Rules 37 and 41(b) for abuse of discretion. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (Rule 37); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) (Rule 41(b)). "Our review is mindful, however, that" dismissal with prejudice is "the harshest of sanctions" and is proper "only in extreme situations." *Baptiste v. Sommers*, 768 F.3d 212, 216–17 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

Whether evaluated under Rule 37 or Rule 41(b), the district court did not abuse its discretion by dismissing the case with prejudice instead of imposing a lesser sanction.

Before dismissing an action under Rule 37(b), a district court should consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal*, 555 F.3d at 302 (ellipsis in original) (citation omitted). Because dismissal is a harsh sanction, it is only appropriate "when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id*. (internal quotation marks omitted). Factual findings regarding fault, willfulness, or bad faith are reviewed for clear error. *Id.*

Here, the district court both determined that Burgin's noncompliance was willful and considered each of the relevant factors. The court placed particular emphasis on (1) Burgin's 18 months of general noncompliance; (2) his six months of refusal to obey court orders; (3) the court's repeated warnings that noncompliance could lead to dismissal; and (4) the inefficacy of lesser sanctions. Moreover, Burgin's noncompliance unfolded against the backdrop of accommodations provided by the court to aid Burgin in the discovery process, including the appointment of pro bono counsel.

We agree that the court's efforts to accommodate Burgin and to provide adequate representation, paired with Burgin's continued noncompliance, establish the futility of lesser sanctions. Also, the court's finding of willfulness was not clearly erroneous. Burgin informed his attorney that he did not wish to be deposed before he had an opportunity to depose the defendants, and Burgin has never explained how or why his medical conditions interfered with the

3

execution of a medical release in compliance with the court's medical release order.

Regarding the Rule 41(b) factors not covered in the Rule 37 analysis—prejudice to the defendants, and a balancing of the court's docket-management interests with the plaintiff's interest in being fairly heard, *compare Baptiste*, 768 F.3d at 216, *with Agiwal*, 555 F.3d at 302—the district court concluded that the delay was unreasonable, which permits both a presumption of prejudice and the possibility of actual prejudice. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004) ("Prejudice may be presumed" if "the delay was lengthy and inexcusable."). The court further reasoned that Burgin had received sufficient notice and a fair opportunity to be heard, thereby balancing Burgin's right to be heard with the court's interest in managing its docket. *See Shannon v. General Elec. Co*., 186 F.3d 186, 195–96 (2d Cir. 1999).

Finally, we conclude that Burgin's allegations of the magistrate judge's bias at the October 7, 2020 status conference are without merit. While it may have been preferable for Burgin's counsel to have ensured Burgin's presence at the status conference in light of the deteriorating attorney-client relationship, Burgin's absence did not constitute prejudice per se, and nothing that transpired at the conference otherwise infringed upon Burgin's rights. *Cf. McKethan v. Mantello*, 522 F.3d 234, 238 (2d Cir. 2008) (noting that there is no right to be present at a status conference in the criminal context). Moreover, Burgin's appointed counsel informed the court of Burgin's position regarding depositions—a position that was otherwise clear from Burgin's written submissions to the court. Burgin also subsequently received a full transcript of the status conference.

Burgin's additional allegations of bias are otherwise unfounded. They seemingly arise from the magistrate judge's order that he appear for a deposition while not requiring the same of

4

the defendants. The magistrate judge's decision, however, was due to Burgin's earlier evasion of his deposition, and thus, requiring Burgin's deposition before the case could proceed was warranted.

We have considered all of Burgin's remaining arguments and find them to be unavailing or without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court