*Phelan v. Cambell, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges*,
> RICHARD W. GOLDBERG,
> > *Judge**.

_____

KENNETH J. PHELAN,

> *Plaintiff-Appellant*,

-v.-                                          12-736

JAMES CAMBELL, SHERIFF OF ALBANY COUNTY, INDIVIDUALLY AND OFFICIALLY, DON HOWELL, CORRECTION OFFICER, ALBANY COUNTY JAIL, INDIVIDUALLY AND OFFICIALLY, ALBANY COUNTY, ED REMILLARD, CORRECTION OFFICER, ALBANY COUNTY JAIL, CHIEF MOONEY,

---

* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

ALBANY COUNTY JAIL, INDIVIDUALLY AND OFFICIALLY,
CHRISTINE MORIARITY, AKA CHRISTINE,
LORI HORN, AKA LAURIE, JOHN DOE,
MEDICAL DOCTOR AT ALBANY COUNTY JAIL,
INDIVIDUALLY AND OFFICIALLY,

                    *Defendants-Appellees.*
_____

FOR PLAINTIFF-APPELLANT:     Kenneth J. Phelan, *pro se*, Five
                             Points Correctional Facility,
                             Romulus, New York.

FOR DEFENDANTS-APPELLEES
James L. Campbell, Don
Howell, Ed Remillard, Chief
Mooney and Albany County:    Robert P. Roche, Albany, NY.

FOR DEFENDANTS-APPELLEES
Christine Moriarity and
Lori Horn:                   Donald P. Ford, Thuillez, Ford,
                             Gold, Butler & Young, L.L.P.,
                             Albany, NY.


     Appeal from a judgment of the United States District
Court for the Northern District of New York (Mordue, *J.*;
Treece, *M.J.*).

     **UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**,

**AND DECREED** that the order is **AFFIRMED**.

     Appellant Kenneth J. Phelan, *pro se*, appeals from the

district court's February 14, 2012 Amended Memorandum-

Decision and Order adopting the magistrate judge's

recommendation that the court grant Appellees' motion to

dismiss Appellant's amended 42 U.S.C. § 1983 prisoners'

rights complaint, pursuant to Federal Rule of Civil

2

Procedure 37, as a sanction for Appellant's failure to submit to a deposition.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the imposition of sanctions, including dismissal, for abuse of discretion, and the factual findings made in support of the district court's decision for clear error.  *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010).  "[I]n evaluating a district court's exercise of discretion to dismiss an action under Rule 37," this Court has considered: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (alteration in original) (internal quotation marks omitted)*; see also S. New England Tel. Co.*, 624 F.3d at 144 (noting that "these factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions for [this Court] to conclude that those sanctions were within

3

the [district] court's discretion").  Where a plaintiff appears *pro se*, dismissal with prejudice may be imposed only if "a warning has been given that noncompliance can result in dismissal."  *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam).

Reviewing the record in light of these principles, we conclude that the district court properly dismissed the amended complaint.  Appellant wilfully refused to comply with the magistrate judge's discovery orders, including the court's orders requiring Appellant to submit to a deposition.  Despite Appellant's claims on appeal that he did not refuse to appear, the record establishes that he told counsel for some of the Appellees not to travel to the prison for the deposition because he would refuse to be deposed.  The first factor thus weighs against Appellant.  *See Agiwal*, 555 F.3d at 302.

Turning to the second factor, the district court properly determined that lesser sanctions were unavailable or would not have been effective.  Further, Appellant's failure to submit to the deposition occurred approximately seven months after the initial discovery order, and after the discovery period had been extended to allow for the

4

deposition. *See id.* at 300-03 (finding that dismissal was proper when the initial scheduling order was issued in October 2006 and the plaintiff failed to appear for his third scheduled deposition in April 2007). Finally, the magistrate judge twice advised Appellant that failure to submit to a deposition could result in the dismissal of his complaint; the fourth factor weighs against Appellant. *See id.* at 302-03.

Because the district court properly dismissed Appellant's complaint, his challenges to the magistrate judge's other discovery orders, the denial of his motion for class-action status, and the denial of his motion to amend the complaint,[1] are moot. Finally, to the extent Appellant argues that the magistrate judge was biased against him, we find no basis to conclude that any bias warranting recusal existed. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (regarding the standard for recusal).

---

[1]Appellant's motion to amend the (amended) complaint came after discovery had concluded. Because "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action," the court did not abuse its discretion by denying the motion. *See Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (internal quotation marks omitted) (affirming denial of motion to amend where "case was near resolution and discovery had been completed").

We have considered Appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the district court's February 8, 2012 Memorandum-Decision and Order, as amended on February 14, 2012, is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk