Vanceah v. Nat'l R.R. Passenger Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of June, two thousand twenty-three.**

**PRESENT:**

> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**Marjay Vanceah,**

> *Plaintiff-Counter-*
> *Defendant-Appellant*,

**v.**                                                    **22-1864**

**Timothy Dendy,**

> *Defendant-Counter-*
> *Claimant-Appellee*,

**National Railroad Passenger Corporation, DBA Amtrak,**

> *Defendant-Appellee.*

_____

**FOR MARJAY VANCEAH:**                          René Myatt, Hollis, NY.

**FOR TIMOTHY DENDY:**                           Vikrant Pawar, Vik Pawar
                                                 Law PLLC, New York, NY.

**FOR AMTRAK:**                                  Lisa M. Griffith, Kelly C.

Spina, Littler Mendelson P.C., Melville, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Marjay Vanceah appeals from the district court's August 1, 2022 order granting in part a motion for sanctions and dismissing all of Vanceah's claims with prejudice. Vanceah brought claims under Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law ("NYCHRL") for gender discrimination and retaliation against Defendants National Railroad Passenger Corporation, DBA Amtrak, and Timothy Dendy (together, "Amtrak"). Over two years after the start of discovery, Amtrak moved for sanctions, including dismissal and attorney's fees, against Vanceah and her counsel "for egregious abuses of the discovery process and spoliation of evidence, pursuant to Federal Rule of Civil Procedure 37 and 28 U.S.C. § 1927." Joint App'x at A-167. The district court granted the motion as to Vanceah, denied the motion as to her counsel, and dismissed all of Vanceah's claims with prejudice. Vanceah appeals from the dismissal, arguing "[t]he District Court erred in dismissing Ms. Vanceah's complaint because her actions were misinterpreted or misunderstood, but they were not willful, within bad faith nor had she exhibited a culpable state of mind." Appellant's Br. at 28. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## I.   Rule 28 Compliance

We disagree with Amtrak that Vanceah's appeal "should be dismissed because her appellate brief fails to confirm with Rule 28(a) of the Federal Rules of Appellate Procedure." Appellee's Br. at 2.   Under Rule 28(a)(8), an appellant's brief "must contain[] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."   Fed. R. App. P. 28(a)(8).   Here, Vanceah's brief is not "so deficient as to amount to an invitation to the court to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant."   *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 48 (2d Cir. 2012) (cleaned up).   Vanceah cites the proper legal standard for Rule 37 sanctions and directly challenges the district court's factual finding that Vanceah willfully violated discovery orders.   *See, e.g.*, Appellant's Br. at 16 (arguing that Vanceah's failure to attach documents to an interrogatory "was an oversight," so "[t]here was nothing willful about the lapse"); *id.* at 17 ("[S]he was naïve, and she perhaps acted in a way to protect her own integrity, but her actions were never willful or in bad faith.").   Vanceah sufficiently "state[s] the issue *and* advance[s] an argument" against the district court's imposition of Rule 37 sanctions.   *Debique v. Garland*, 58 F.4th 676, 685 (2d Cir. 2023) (cleaned up).   We thus reach the merits.

## II.   Dismissal Sanctions

The district court did not abuse its discretion by ordering dismissal sanctions against Vanceah.   Under Federal Rule of Civil Procedure 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . the court, on motion and after giving an opportunity to be heard[,]" "may impose other appropriate sanctions, including" "dismissing the

action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v), (c)(1). "In imposing Rule 37 sanctions, . . . courts properly consider various factors, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (cleaned up). "We review a sanction of dismissal with prejudice for abuse of discretion." *Shepherd v. Annucci*, 921 F.3d 89, 93 (2d Cir. 2019).

*First*, the district court did not abuse its discretion by concluding that Vanceah's discovery violations were willful. "Severe sanctions may be justified when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Chevron Corp. v. Donziger*, 833 F.3d 74, 147 (2d Cir. 2016) (cleaned up). Willfulness may be evident when a party requires "numerous extensions . . . throughout the discovery process," continuously fails to "compl[y] with written and oral discovery-related court orders," and engages in "sustained recalcitrance." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013). Over a two-year period, Vanceah engaged in numerous discovery abuses. To name a few: (1) she represented in an affidavit that she did not exchange any personal text messages with Dendy on her business phone but later said the opposite during a deposition; (2) she admitted that during this litigation she deleted from her phone screenshots of text messages exchanged with Dendy that were material to her Title VII and NYCHRL claims; (3) she represented several times that she could not provide additional documents "[f]ollowing a reasonable search," Joint App'x at A-465 to -466, but during her deposition she searched her personal phone and located "more than a hundred" text messages that had not previously been produced in discovery, *id.* at A-570; and (4)

4

she admitted that she received two explicit photographs from Dendy but only disclosed one to Amtrak. So we find no clear error in the district court's conclusion that "these violations show Vanceah's willful and bad faith noncompliance with the discovery process." Special App'x at SPA-24.

*Second*, the district court properly considered the efficacy of lesser sanctions. We have held that a district court did not abuse its discretion when it "explored numerous options before ordering dismissal" sanctions, including "repeatedly allowing . . . additional time to comply with the discovery orders," "informing [the noncompliant party] of the actions he must take in order to comply with the orders," and "warning . . . about the threat of dismissal." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990). The district court here granted Vanceah numerous opportunities to comply with her discovery obligations before ultimately ordering dismissal. The district court granted repeated extensions of time for Vanceah to comply with Amtrak's requests, denied Amtrak's initial request for a forensic examination of Vanceah's phone in favor of affidavits from Vanceah, and ordered a forensic examination only after the affidavits were contradicted at Vanceah's deposition. After the forensic examination proved inconclusive, the district court did not immediately grant Amtrak's motion for leave to file dismissal sanctions and instead ordered Vanceah to turn over the name and location of the person who extracted the explicit photograph of Dendy from Vanceah's phone. The district court's imposition of lesser sanctions before dismissal underscores that any lesser sanctions would have been unlikely to deter future violations.

*Third*, Vanceah caused an unreasonable delay. Over two years passed between Vanceah's initial September 12, 2019 discovery disclosure and Amtrak's November 23, 2021 motion for sanctions. We have affirmed sanctions arising from comparable, and in some cases

5

shorter, delays caused by noncompliance with discovery orders. *See, e.g.*, *Minotti*, 895 F.2d at 103 (almost two years); *Phelan v. Cambell*, 507 F. App'x 14, 16 (2d Cir. 2013) (seven months); *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (three months). Vanceah offers no reasonable explanation for the delay.

*Finally*, Vanceah received sufficient notice of the consequences of noncompliance with discovery orders. We review the record "as a whole" to determine if Vanceah may "credibly argue that [s]he was not sufficiently warned that serious sanctions were imminent." *Guggenheim*, 722 F.3d at 453; *see, e.g.*, *LeChase Constr. Servs. LLC v. Escobar Constr., Inc.*, No. 21-289, 2022 WL 363948, at *1 (2d Cir. Feb. 8, 2022) ("[B]etween the two text orders stating that it had violated discovery mandates, and [the] motion for default judgment, which explicitly requested the very sanctions . . . imposed, Escobar cannot credibly argue that it was not sufficiently warned that serious sanctions were imminent." (cleaned up)). On August 26, 2021, Amtrak "respectfully request[ed] permission to move for sanctions, including dismissal," Joint App'x at A-138, and reiterated its request at the pre-motion conference, *see id.* at A-145. When Amtrak renewed its application to move for sanctions, it requested an order "dismissing all of Plaintiff's claims with prejudice." *Id.* at A-160. Indeed, Vanceah's opposition brief recognized that Rule 37 sanctions "includ[e] dismissing the action." *Id.* at A-807. So Vanceah received sufficient notice.

\* \* \*

We have considered all of Vanceah's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6